IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYREEK STYLES,** | : | CIVIL ACTION |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | NO.  23-3755 |
| | : | |
| **WARDEN ORTIZ,** *et al.* | : | |
| **Defendants.** | : | |

## MEMORANDUM

**MURPHY, J.**                                                                                                          **November 21, 2023**

Plaintiff Tyreek Styles brings this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against prison officials associated with the Federal Detention Center (FDC) in Philadelphia, where he was previously incarcerated as a pretrial detainee.[1]  He claims that prison officials violated his constitutional rights by detaining him in the special housing unit (SHU) for nearly forty months over a period from January 2013 to July 2018.  Mr. Styles seeks to proceed in forma pauperis.  For the following reasons, we grant Mr. Styles leave to proceed in forma pauperis and dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

**I.        Factual Allegations**

Mr. Styles names the following defendants in his complaint: (1) Warden Ortiz; (2) Warden Sean Marler; (3) Mr. O'Boil, "Lt. in SIS Department;" and (4) Captain Nash.  DI 1 at 1-

---

[1] "[A]ctions brought directly under the Constitution against federal officials have become known as '*Bivens* actions.'" *Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017).

3.[2]  All defendants are associated with the FDC.  Mr. Styles names defendants Ortiz, Marler, and O'Boil in their official capacity only.[3]

The factual allegations in Mr. Styles' complaint are brief.  He alleges that from January of 2013 to July of 2018, he was "on [and] off" housed in the SHU at FDC "for nearly 40 months."  *Id.* at 4, 14.[4]  He contends that his time in the SHU violated his rights to a "fair trial" and constituted "cruel and unusual punishment."  *Id*. at 4.  He further alleges that FDC prison

---

[2] We adopt the pagination supplied by the CM/ECF docketing system.

[3] *Bivens* provides a remedy for certain constitutional violations committed by federal actors.  However, "[a]n action against government officials in their official capacities constitutes an action against the United States; and *Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver."  *Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008) (*per curiam*); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").  Accordingly, the claims against Defendants Ortiz, Marler, and O'Boil in their official capacities are in essence claims against the United States that must be dismissed on sovereign immunity grounds.  *See Brooks v. Bledsoe*, 682 F. App'x 164, 169 (3d Cir. 2017) (per curiam) ("To the extent that Brooks is suing the BOP employees in their official capacities, his claim fails as actions against prison officials in their official capacities are considered actions against the United States, and *Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver.").
 Since Mr. Styles appears to not have understood the implication of naming Ortiz, Marler, and O'Boil in their official capacities only, and because the complaint seeks money damages for harm caused by the Defendants' actions, we will liberally construe the complaint to assert claims against Ortiz, Marler, and O'Boil in their individual capacities.  *See Downey v. Pa. Dep't of Corr*., 968 F.3d 299, 310 (3d Cir. 2020); *Coward v. City of Philadelphia*, 2021 WL 4169422, at *3 (E.D. Pa. Sept. 13, 2021) (permitting claim against defendant in his individual capacity to proceed event though "[plaintiff] did not check the box indicating a desire to sue [that defendant] in his individual capacity" where the allegations clearly sought relief based on the defendant's conduct).  However, as explained further below, *see infra* Part III, the claims asserted against defendants in their individual capacities will also be dismissed.

[4] The timeframe alleged by Mr. Styles — January 2013 through July 2018 — comprises a time period of approximately 66 months.  However, Mr. Styles repeatedly alleges that he was placed in SHU for "nearly 40 months."  DI 1 at 4, 12, 14, 17.  We understand this discrepancy to mean that over the course of the 66 months from January 2013 to July 2018, Mr. Styles spent nearly 40 months in SHU and the remaining time in general population.  Mr. Styles does not further allege any specific timeframes for his time in SHU.

staff, including the named defendants, "knew about" the constitutional violations he suffered from his placement in SHU. *Id*. Attached to Mr. Styles' complaint are various documents associated with grievances and appeals he filed regarding his time in the SHU. *See id*. at 11-21.[5] The most recent document is an October 20, 2020 "Rejection Notice – Administrative Remedy" regarding Mr. Styles' central office appeal. *Id*. at 11. Mr. Styles states in his complaint that "the grievance process is complete[]," *id.* at 6, and that the documents associated with "exhaustion of remedies" is attached to his complaint, *id*. at 7.

Based on these allegations, Mr. Styles asserts Fifth Amendment claims under *Bivens*.[6] For relief, he seeks money damages and a "[r]eduction in [his] federal sentence in recognition of the hardships while in FDC-Phila SHU." *Id*. at 4.[7]

## II. Standard of Review

We will grant Mr. Styles leave to proceed in forma pauperis because it appears that he is

---

[5] Mr. Styles also attaches to his complaint paperwork associated with his request for a compassionate release in his underlying criminal case, *United States v. Styles*, Crim. No. 13-30-01 (E.D. Pa.). *See* DI 1 at 22-36.

[6] Mr. Styles also cites to the Eighth Amendment. *See* DI 1 at 3, 5. However, because he was a pretrial detainee in federal custody during a portion of the events alleged, the Due Process Clause of the Fifth Amendment governs his claims. *See Bistrian v. Levi*, 912 F.3d 79, 91 & n.19 (3d Cir. 2018) (explaining that the Fifth Amendment governs claims brought by pretrial detainees in federal custody). The public record reflects that Mr. Styles was convicted in September of 2014 and sentenced in June of 2015. *See Styles*, Crim. No. 13-30-01, at DI 130, 163-64. Although Mr. Styles was a convicted and sentenced prisoner for a portion of the events giving rise to his claims, we need not engage in analysis under the Eighth Amendment because irrespective of the constitutional amendment under which Mr. Styles' claim falls, *Bivens* does not provide a remedy and the claim is nevertheless time-barred. *See infra* Part III.

[7] A claim for the reduction of a sentence is not cognizable in a civil rights action. *See generally Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

incapable of paying the fees to commence this civil action.[8]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires that we dismiss the complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires us to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "'At this early stage of the litigation,' '[w]e accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible . . . claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (first, third, and fifth alterations in original) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Mr. Styles is proceeding pro se, we construe his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.  Analysis

Mr. Styles alleges that his Fifth Amendment due process rights were violated when he was placed in SHU for nearly 40 months.  Mr. Styles brings this claim pursuant to *Bivens*.  As noted above, *Bivens* provides a judicially recognized damages remedy for constitutional violations committed by federal actors in their individual capacities in limited circumstances.

---

[8] Because Mr. Styles is a prisoner, he must still pay the $350 filing fee in installments as mandated by the Prison Litigation Reform Act.

4

*Egbert v. Boule*, 142 S. Ct. 1793, 1799-1800 (2022); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017).

Since *Bivens* was decided in 1971, the Supreme Court "has repeatedly refused to extend *Bivens* actions beyond the specific clauses of the specific amendments [of the Constitution] for which a cause of action has already been implied, or even to other classes of defendants facing liability under those same clauses." *Vanderklok*, 868 F.3d at 200; *see Egbert*, 142 S. Ct. at 1809. The Supreme Court has recognized an implied private action against federal officials in only three cases: (1) *Bivens* itself, which recognized an implied cause of action for violation of the Fourth Amendment's right against unreasonable searches and seizures; (2) *Davis v. Passman*, 442 U.S. 228 (1979), which recognized a claim for gender discrimination in the employment context under the Fifth Amendment's Due Process Clause; and (3) *Carlson v. Green*, 446 U.S. 14 (1980), which recognized a claim against prison officials for inadequate medical care in the prison context under the Eighth Amendment. *See Dongarra v. Smith*, 27 F.4th 174, 180 (3d Cir. 2022); *see also Abbasi*, 137 S. Ct. at 1855 ("These three cases — *Bivens*, *Davis*, and *Carlson* — represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself."). "To preserve the separation of powers, the Court has 'consistently rebuffed' efforts to extend *Bivens* further . . . [because] [t]he Constitution entrusts Congress, not the courts, with the power to create new federal causes of action and remedies." *Dongarra*, 27 F.4th at 180 (quoting *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020)); *see also Xi v. Haugen*, 68 F.4th 824, 832 (3d Cir. 2023) ("In the fifty-two years since *Bivens* was decided, . . . the Supreme Court has pulled back the reins to what appears to be a full stop and no farther.").

Because expanding *Bivens* is "a 'disfavored' judicial activity," a "rigorous inquiry . . . must be undertaken before implying a *Bivens* cause of action in a new context or against a new category of defendants." *Vanderklok*, 868 F.3d at 200 (quoting *Abbasi*, 137 S. Ct. at 1848). That inquiry involves determining whether the case presents a new context for a *Bivens* claim that has not been recognized by the Supreme Court and, if so, asking whether "special factors counsel hesitation in expanding *Bivens*." *Mack v. Yost*, 968 F.3d 311, 320 (3d Cir. 2020); *see also Abbasi*, 137 S. Ct. at 1857-58. "Whether a *Bivens* claim exists in a particular context is 'antecedent to the other questions presented.'" *Bistrian*, 912 F.3d at 88 (quoting *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017)).

The crux of Mr. Styles's claim is that his placement in the SHU at FDC for nearly 40 months over the time period from January 2013 to July of 2018 violated his due process rights. Mr. Styles' claim must be dismissed because there is no *Bivens* remedy available based on these allegations. In *Bistrian*, the Third Circuit held that no *Bivens* claim exists for an alleged Fifth Amendment violation based on placement of a pretrial detainee in punitive detention. *Bistrian*, 912 F.3d at 94. In denying *Bistrian*'s claim, the Third Circuit concluded that special factors did not warrant an extension of *Bivens* to the context of punitive detention in SHU because it "calls in question broad policies pertaining to the reasoning, manner, and extent of prison discipline." *Bistrian*, 912 F.3d at 94. The Third Circuit further reasoned that because "courts are ill equipped to deal with the increasingly urgent problems in prison administration and reform," and because the "Bureau of Prisons, not the judiciary, has the expertise, planning and the commitment of resources necessary for the difficult task of running a correctional facility . . . separation-of-powers concerns counsel a policy of judicial restraint." *Id*. at 94-95 (cleaned up).

Mr. Styles's constitutional claim challenging his placement and time spent in the SHU are indistinguishable in any meaningful way from the claims at issue in *Bistrian*. Accordingly, *Bivens* does not provide a cause of action for Mr. Styles to challenge the constitutionality of his time in the SHU from January 2013 to July 2018, or on any other date.[9] *See id.*; *see also Rowland v. Pistro*, 2021 WL 5631692, at *6 (E.D. Pa. Nov. 29, 2021) (relying on *Bistrian* for conclusion that "*Bivens* does not provide a cause of action for [the plaintiff] to challenge the constitutionality his placements in the SHU"); *Gary v. Rocks*, 2022 WL 704644, at *6 (E.D. Pa. Mar. 8, 2022) (dismissing *Bivens* claim based on six-month stay in the SHU). Since Mr. Style's claim is not cognizable under *Bivens*, we will dismiss it with prejudice because Mr. Styles cannot cure the defects in this claim.

In any event, any constitutional claim based on the allegations in the complaint is time-barred. The statute of limitations for a *Bivens* claim is governed by the analogous two-year Pennsylvania statute of limitations governing personal injury torts. *See Kornafel v. U.S. Postal Serv.*, 784 F. App'x 842, 843 (3d Cir. 2019) (per curiam) (citing *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)); *Omar v. Blackman*, 590 F. App'x 162, 165 (3d Cir. 2014) ("Therefore, in Pennsylvania, actions brought under . . . *Bivens* are subject to a two-year limitations period."). However, "because exhaustion of prison administrative remedies is mandatory under the Prison Litigation Reform Act ("PLRA"), the statute of limitations applicable to [civil rights] actions

---

[9] Mr. Styles makes passing references to having been placed in the SHU at some time in 2022. *See* DI 1 at 4, 7.) We do not understand Mr. Styles to base his claims on any time spent in SHU in 2022. *See id*. at 4 (responding to the question, "[w]hat date and approximate time did the events giving rise to your claim(s) occur?" with "[f]rom 01/03/2013 through 07/10/2018"). To the extent that Mr. Styles's claims are based on a time period up to and including 2022, the claim is not plausible for the same reason that his claims based on prior times spent in SHU are not plausible: *Bivens* does not provide a cause of action to challenge the constitutionality of placement in the SHU. *See Bistrian*, 912 F.3d at 94-95.

should be tolled while a prisoner pursues the mandated remedies." *Wisniewski v. Fisher*, 857 F.3d 152, 158 (3d Cir. 2017).

A review of the complaint and the exhibits reveals that Mr. Styles filed grievances and appeals at various levels of the Bureau of Prisons and completed the process in October of 2020. *See* DI 1 at 6-7, 20.  The statute of limitations applicable to Mr. Styles's claims was tolled during this time.  *See Wisniewski*, 857 F.3d at 158.  However, Mr. Styles did not file his complaint in this case until September 2023, nearly three years after he completed exhaustion of his administrative remedies through the Bureau of Prisons.  Accordingly, Mr. Styles' claims are barred by the applicable two-year statute of limitations.  *See Paluch v. Sec'y Pa. Dep't Corr.*, 442 F. App'x 690, 694 (3d Cir. 2011) (per curiam) (concluding that claims were time barred when inmate failed to file within two years of the denial of his final appeal); *Amadi v. FCI Fort Dix Health Servs.*, 256 F. App'x 477, 480 (3d Cir. 2007) (per curiam) (concluding that tolling did not save civil rights claims filed more than two years after final resolution of grievances).

**IV.   Conclusion**

For the foregoing reasons, we will grant Mr. Styles leave to proceed in forma pauperis and dismiss his complaint with prejudice pursuant 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Leave to amend will not be given as any attempt to amend would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).